JS-6

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE CARLOS GUZMAN BERNAL, <br><br> Petitioner, <br><br> v. <br><br> PAM BONDI, UNITED STATES ATTORNEY GENERAL, et al. <br><br> Respondents. | Case No. 2:25-cv-03666-SRM-AGR <br><br> **ORDER TRANSFERRING ACTION TO THE DISTRICT OF ALASKA** |

This matter is before the Court *sua sponte* upon the Petitioner, proceeding *pro se*, having filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241. (Dkt. 1).

Writs of habeas corpus may be adjudicated by district courts "within their respective jurisdictions." *See* 28 U.S.C. § 2241(a). In light of this, a federal court has an obligation to consider, *sua sponte*, whether it has jurisdiction over a § 2241 petition. *See, e.g.*, *Nadarajah v. Gonzales*, 443 F.3d 1069, 1075 (9th Cir. 2006).

Petitioner alleges he is a Mexican national incarcerated in Mexico pursuant to an Interpol Red Notice that was issued based on a criminal indictment filed in the District of Alaska. (Dkt. 1). A review of the Petition reflects that Petitioner has

not stated he is confined in this District nor does he allege any criminal or other proceedings against him in this District. *See id.*

As relevant here, the proper forum with jurisdiction over a habeas challenge to an indictment is the district of indictment. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 493-94, 500 (1973). Upon a determination that the district in which a habeas petition has been brought is improper, the district court has the authority to transfer the action to the district in which it could have been brought. *See Braden*, 410 U.S. at 498-99 & n.15; *see also Gherebi v. Bush*, 374 F.3d 727, 739 & n.16 (9th Cir. 2004) (transferring habeas proceeding to appropriate forum pursuant to 28 U.S.C. § 1406(a)). Upon consideration, the Court concludes that jurisdiction does not lie in the Central District of California and this matter is due to be transferred to the District of Alaska.

Accordingly, the Clerk of the Court is directed to: (1) **TRANSFER** this matter to the District of Alaska; and (2) administratively **CLOSE** this case.

**IT IS SO ORDERED**.

DATED: May 9, 2025

Hon. Serena R. Murillo
United States District Judge